## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LATONYA NIX WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:16-cv-00031-CC |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSOLIDATED PRETRIAL ORDER

Plaintiff LaTonya Nix Wiley ("Ms. Wiley" or "Plaintiff") and Defendant City of Atlanta ("Defendant") (collectively "the Parties") hereby jointly submit this Consolidated Pretrial Order.

### 1.

**There are no motions or other matters pending for consideration by the Court except as noted:**

The parties will file motions in limine, if any, two weeks prior to the first day of trial, with responses to motions in limine being due one week prior to the first day of trial, unless the Court sets a different pre-trial motions schedule.

**By Plaintiff:** Plaintiff anticipates filing Motion(s) in Limine and/or a Trial Brief as needed to address the admissibility of evidence relevant to Plaintiff's

settlement with Henry County, Georgia. Plaintiff may file other Motions during the trial of the case as the evidence and/or legal theories warrant. Plaintiff reserves the right to oppose any motion listed by Defendant in this Consolidated Pretrial Order or otherwise made by Defendant.

**By Defendant:** Defendant anticipates filing Motion(s) in Limine and/or a Trial Brief regarding the admissibility of some of Plaintiff's listed exhibits and/or witnesses. Defendant reserves the right to oppose any motion listed by Plaintiff in this Consolidated Pretrial Order or otherwise made by Plaintiff.

## 2.

**All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any person for the preservation of evidence and for use at trial.**

The Parties have conferred regarding their continuing obligations with respect to the production of documents. Any documents remaining to be produced will be exchanged no later than 30 days from the filing of the instant order.  The Parties do not anticipate the need to take depositions of persons for the preservation of evidence

and/or for use at trial but respectfully reserve the right to take such depositions if the need arises.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

There is no dispute over jurisdiction of the Court. The Court has federal question jurisdiction under 28 U.S.C. § 1331.

**5.**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:

    Kimberly A. Worth
    Thrasher Worth, LLC

Defendant:

David E. Gevertz
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

Anita Thomas
Nelson Mullins Riley & Scarborough LLP

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None. The parties agree to exchange no later than one business day in advance of trial any demonstrative exhibits they intend to show to the jury in opening. The parties also agree to exchange any demonstrative exhibits they intend to show to the jury in closing with sufficient time for objection before closing.

**7.**

**The captioned case shall be tried (X) to a jury or (  ) to the Court without a jury, or (  ) the right to trial by jury is disputed.**

Plaintiff's claims of compensatory and other damages are to be tried to a jury. Plaintiff's claims for equitable relief, including back pay and front pay, and any award for attorneys' fees and costs of litigation are legal issues for the Court.

4

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated**.

The Parties do not request that the trial to the jury be bifurcated.

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.**

*See* ATTACHMENT "A."

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

*See* ATTACHMENT "B-1."

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

*See* ATTACHMENT "B-2."

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

Not applicable.

**The Court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire question is a matter of courtroom policy which shall be established by each judge.**

**11**.

**State any objections to Plaintiff's voir dire questions**.

Defendant objects to Question 15, on the grounds that it asks the jury to prejudge the evidence.

**State any objections to Defendant's voir dire questions.**

*See* ATTACHMENT B-2-O

**State any objections to the voir dire questions of the other parties, if any.**

Not applicable.

6

**12.**

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any request for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  See Fed. R. Civ. P. 47(b).**

The Parties do not request any additional strikes.

**13.**

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

There is no pending, related litigation.

**14.**

**Attached hereto as Attachment "C" is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be**

separately listed. **For each item of damage claimed, Plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

Defendant's Objections to Plaintiff's Outline of the Case are included in ATTACHMENT "C-O."

## 15.

**Attached hereto as Attachment "D" is the Defendant' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, Defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item**

**of damage. Items of damage not identified in this manner shall not be recoverable.**

Plaintiff's Objections to Defendant's Outline of the Case are included in ATTACHMENT "D-O."

## 16.

**Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of this case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

The parties will confer and submit stipulated facts no later than two weeks prior to trial.

## 17.

**The legal issues to be tried are as follows:**

**Plaintiff's Response:**

1. Whether Ms. Wiley engaged in protected speech by filing a lawsuit against her former employer, Henry County.

2.  Whether Ms. Wiley engaged in protected speech when she informed her supervisor at Defendant City of Atlanta that she had filed a whistleblower lawsuit against her former employer, Henry County.

3.  Whether Ms. Wiley engaged in protected speech when she provided her supervisor at Defendant City of Atlanta with a copy of her whistleblower lawsuit against her former employer, Henry County.

4.  Whether Defendant violated the First and Fourteenth Amendments to the United States Constitution by terminating Ms. Wiley because of her protected speech.

5.  Whether Ms. Wiley is entitled to compensatory damages against Defendant under 42 U.S.C. § 1983, and, if so, what amount.

6.  Whether Ms. Wiley is entitled to declaratory judgment that Defendants are in violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendment to the United States Constitution

7.  Whether Ms. Wiley is entitled to injunctive or other equitable relief under 42 U.S.C. § 1983.

8.  Whether Ms. Wiley is entitled to recover back pay under 42 U.S.C. § 1983.

9.  Whether Ms. Wiley is entitled to front pay in lieu of reinstatement under 42 U.S.C. § 1983.

10. The amount of interest to be awarded on the amount of the back pay awarded to Ms. Wiley 42 U.S.C. § 1983.

11. Post trial, the amount of reasonable attorney's fees and other costs of the action to be paid to Ms. Wiley by Defendant if Ms. Wiley prevails, pursuant to 42 U.S.C. § 1988(b).

**Defendant's Legal Issues:**

For the Court:

- Whether Plaintiff's speech was on a matter of public concern, such that it is protected under the First Amendment;

- Whether Plaintiff's First Amendment interest in engaging in the speech outweighed the City's interest in prohibiting the speech to promote the efficiency of the public services it performs through its employees.

For the jury:

- Whether Plaintiff's speech played a substantial part in the City's decision to terminate her employment.

- Whether the City would have terminated Plaintiff's employment even in the absence of her speech.

- If the jury finds the City liable, whether Plaintiff has reasonably mitigated her damages.

11

**18.**

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by the Court order based upon a showing that the failure to comply was justified.

**19.**

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiffs' exhibits, numbered blue stickers to Defendant' exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or Defendant, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

The parties have attached three lists of proposed exhibits. Attachment "G" is a list of the parties' joint exhibits. Attachment "G-1" is a list of Plaintiff's proposed exhibits and Attachment "G-2" is a list of Defendant's proposed exhibits. The parties have attached their separately stated objections as follows: Attachment "G-1-O" is

14

a list of Defendant's objections to Plaintiff's proposed exhibits and Attachment "G-2-O" is a list of Plaintiff's objections to Defendant's proposed exhibits.

**20.**

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

Either party may introduce by deposition the testimony of any witness appearing on either party's list who is unavailable for trial, who is outside the Court's subpoena power, or whose testimony may be necessary for impeachment, rebuttal or other authorized use under the Federal Rules of Evidence. Parties need not designate testimony to be used solely for impeachment in advance of trial.

The parties reserve the right to use the deposition testimony of any witness for the purpose of contradicting or impeaching his or her testimony at trial, pursuant to Fed. R. Civ. P. 32(a)(2). Moreover, to the extent this Court permits a party to offer only part of a deposition in evidence, the parties reserve the right to require that party to introduce other parts of the deposition which ought in fairness to be considered, and to themselves introduce any other parts of the deposition, pursuant to Fed. R. Civ. P. 32(a)(6). The parties also reserve the right to object to the admissibility of those portions of depositions that a party may seek to introduce at trial, pursuant to Fed. R. Civ. P. 32(b). The parties object to the use of any deposition testimony at

trial for any deponent who also provides live testimony at trial, except for impeachment.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

### 21.

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge**.

The parties request permission to file their trial briefs, if any, with the Court no later than five (5) days prior to the start of trial, or such other time fixed by the Court.

## 22.

**In the event this is a case designated for trial to the Court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specifically set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are direct to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

17

The parties will submit their requests to charge in the required form no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.

**23.**

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.**

*See* ATTACHMENT "I-1" for Plaintiff's Proposed Verdict Form.

*See* ATTACHMENT "I-2" for Defendant's Proposed Verdict Form.

**24.**

**Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The Parties request forty-five (45) minutes for closing arguments due to the complexity of the legal issues to be tried as outlined above.

**25.**

If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

Not applicable.

**26.**

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties are scheduled to meet in person on November 16, 2017 to discuss in good faith the possibility of settlement of this case. The court (____) has or (X) has not discussed settlement of this case with counsel.

It appears at this time that there is:

(__)  A good possibility of settlement.

(__)  Some possibility of settlement.

( X )   Little possibility of settlement.

(__)  No possibility of settlement.

**27.**

Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the Court.

Plaintiff is an attorney currently employed as the Deputy Ethics Officer for the DeKalb County Ethics Board. One of the primary witnesses for the City of Atlanta is also a lawyer with a full calendar. Accordingly, the Parties respectfully request that the trial of this matter be specially set so both sides can adequately prepare their offices and staff for their time out of the office.

**28.**

**The Plaintiff estimates that it will require <u>2-3</u> days to present her evidence.  The Defendant estimate that it will require <u>1-2</u> days to present its evidence. The other parties estimate that it will require <u> n/a </u> days to present their evidence. [Not applicable]. It is estimated that the total trial time is <u>3-5</u> days, including jury selection.**

**29.**

**IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the Court after conference with the parties.

**IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the Court.

**IT IS SO ORDERED** this _____ day of _____, 2017.


_____
**THE HONORABLE CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE**

**Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.**

Respectfully submitted this 10th day of November 2017.

*/s/ Kimberly A. Worth*
Kimberly A. Worth
Georgia State Bar No. 500790
kworth@thrasherworth.com
Katy E. Aultman
Georgia State Bar No. 359702
kaultman@thrasherworth.com

Thrasher Worth, LLC
Five Concourse Parkway
Suite 3200
Atlanta Ga, 30328
Telephone/Fax (404) 760-6016

*/s/ David E. Gevertz*
David E. Gevertz
Georgia Bar No.: 292430
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
Monarch Plaza, Suite 1600
3414 Peachtree Road N.E.
Atlanta, Georgia 30326
dgevertz@bakerdonelson.com

Anita Wallace Thomas, Esq.
Georgia Bar No. 733628
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
anita.thomas@nelsonmullins.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

I hereby certify that the foregoing **PROPOSED CONSOLIDATED PRETRIAL ORDER** was prepared in Times New Roman, 14 pt. and, on this date, I filed and served a copy of the foregoing using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

David E. Gevertz
Georgia Bar No.: 292430
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Monarch Plaza, Suite 1600
3414 Peachtree Road N.E.
Atlanta, Georgia 30326
dgevertz@bakerdonelson.com

Anita Wallace Thomas, Esq.
Georgia Bar No. 733628
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
anita.thomas@nelsonmullins.com

This 10th day of November 2017.

**THRASHER WORTH LLC**
 /s/ *Kimberly Worth*
Kimberly A. Worth
Ga Bar No. 500790
kworth@thrasherworth.com
Five Concourse Parkway, Suite 3200
Atlanta, Georgia 30328
Telephone/Fax: (404) 760-6016

23